**Imelda ULLOA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72942.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 24, 2010.

John Wolfgang Gehart, Lourdes Barrera Haley, Esquire, Russell Jauregui, Esquire, Carols Vellanoweth, Esquire, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

Lance Lomond Jolley, Esquire, Trial, OIL, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Imelda Ulloa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision finding her removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in removal proceedings, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and we deny the petition for review.

The IJ did not violate due process by admitting into evidence Ulloa's Record of Sworn Statement and Form I–213 Record of Inadmissible Alien. These documents were probative, their admission was not fundamentally unfair, and the preparing officer testified at the hearing regarding the procedures for creating the documents. *See Espinoza v. INS*, 45 F.3d 308, 309–10 (9th Cir.1995) ("The sole test for admission of evidence [in removal proceedings] is whether the evidence is probative and its admission is fundamentally fair.").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In light of our disposition, we do not reach Ulloa's remaining contentions.

**PETITION FOR REVIEW DENIED.**